Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD STANLEY MANESS, JR.,<br><br>　　　　Defendant. | CASE NO. 2:24-cr-00165-RAJ<br><br>ORDER ON GOVERNMENT'S MOTION FOR REVIEW OF RELEASE ORDER |

## I.　　INTRODUCTION

The defendant was charged with one count of production of child pornography in violation of Title 18 U.S.C. § 2251(a)(e). Following his arrest, the government moved to detain him. A hearing on this motion was held on September 19, 2024. At the conclusion of the hearing, Magistrate Judge Brian A. Tsuchida concluded that release was appropriate and set forth conditions in an appearance bond. Dkt. 23. The government sought review of Judge Tsuchida's order and a stay of release was granted. Dkt. 22. Thereafter, the government filed a Motion for Review of Release Order (Dkt. 24), the defendant filed its Response to Motion for Review of Release Order (Dkt. 32) and the government filed its Reply (Dkt. 33).

On November 15, 2024, this Court entered an order granting the government's motion to rescind the release order. (Dkt. 41). This order is issued to provide the basis for the order rescinding release.

## II.     ANALYSIS

This Court considered the briefing provided by the parties and is familiar with the records and files relevant to this motion.

First, pursuant to 18 U.S.C. § 3145, this Court reviewed Judge Tsuchida's release determination *de novo* in accordance with *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990).

Second, this Court finds that while there may have been conditions that would have reasonably assured the appearance of the defendant as required, the safety of other persons and the community component of 18 U. S. C. § 3142(e)(1) cannot be met.  The government has accurately referenced the standard to be applied when assessing dangerousness.  Dkt. 24 at p. 5.

The defendant acknowledges there is a rebuttal presumption of detention (18 U.S.C. § 3142(e)(3)(E)) which the defendant can overcome with "some credible evidence" showing a reasonable assurance of appearance and lack of danger to the community.  The defendant has presented credible evidence to mitigate this Court's concern that he would be a flight risk.  This includes his work history, his having spent the last two years in the Navy as a nodal analyst where he attained the highest possible security clearance, his current employment where he has worked since October 2022, his lack of criminal history, the need for treatment for his back injuries, and his proposed release plan. Dkt. 32, at p. 3-5.  The Court is not persuaded he should be released when considering the nature and seriousness of the danger to any person or the community that would be posed by his release from custody.  18 U.S.C. § 3142 (g)(4).

The defendant contends he does not meet the dangerousness component of concern to this Court.  He argues that he is not alleged to have physically harmed any minors, his alleged crime occurred over the internet, and there are no witnesses in the United States with whom the defendant could tamper or intimidate.  Dkt. 32 at p. 8.

This Court recognizes that when considering the Section 3142 factors, the weight of the evidence is the least important, and the statute neither requires nor permits a

pretrial determination of guilt. *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991). Here, the government's analysis of the statutory factors weigh against the defendant's release. The defendant is accused of crimes of violence (18 U.S.C. § 3156(a)(4)) and a crime against a minor, which are factors that Section 3142 notes as significant to the detention analysis.

The government does not suggest that the defendant has in the past committed similar crimes for which he is charged or that he actually committed any direct actions against any children. What the defendant is accused of being involved with is his alleged communications to arrange and access an Airbnb for the acts of violence to occur, steps to be taken to avoid detection, the sexual abuse he wanted to see and intended to commit himself, and the sexual abuse material the other suspect created for the defendant and sent to him. Dkt. 24, p. 8. These are all allegations that stem from the defendant's alleged conduct while he had the ability to remain in the confines of his home or workplace. In essence, this conduct portrays the danger that such conduct could once again occur wherever the defendant is residing.

These allegations stem from conduct that occurred over the telephone and were implemented by another at the defendant's request. The danger the defendant presents is not only to the local community or witnesses in the instant case. The concern is the defendant's release proposal will not suffice because of the broader opportunity to harm other children if he is released. As alleged, the defendant was engaged in a scheme to offend against other children on the other side of the planet. The only tools needed were a computer, access to the internet, and a communications device. Even with court supervision and regular monitoring, these controls over the defendant are woefully insufficient to minimize or prevent future violative behavior. Consequently, his release would pose a danger to the community if he were released.

///

///

///

### III. CONCLUSION

In light of the foregoing, this Order serves as the detailed basis for the **GRANTING** of the government's motion to deny the release of the defendant.

DATED this 4th day of December, 2024.

*[signature]*

The Honorable Richard A. Jones
United States District Judge