The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STANLEY MANESS, JR.,<br><br>Defendant. | NO. CR24-165-RAJ<br><br>**UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS (CITED)** |

The United States, by and through its undersigned counsel, submits these Proposed Forfeiture Jury Instructions for use, as necessary, in the forfeiture phase of trial conducted pursuant to Fed. R. Crim. P. 32.2(b)(1).

DATED this 21st day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Karyn S. Johnson*
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Karyn.S.Johnson@usdoj.gov

United States' Proposed Forfeiture Jury Instructions - 1
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. \_\_\_\_**

Jurors:  Now that you have found that Defendant Richard Stanley Maness, Jr. committed the offense of *Conspiracy to Produce Child Pornography*, as charged in Count 1 of the Indictment, and *Production of Child Pornography*, as charged in Count 2, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of *Conspiracy to Produce Child Pornography* shall forfeit, to the United States, any property used, or intended to be used, to commit or to promote the commission of such offense.

Under federal law, any person who is convicted of *Production of Child Pornography* shall forfeit, to the United States, any property used, or intended to be used, to commit or to promote the commission of such offense.

The United States has alleged that certain property is forfeitable in this case. You must now find whether this property is, in fact, forfeitable and return a special verdict reflecting your findings.

Certain property may be connected to more than one offense, and thus, be subject to forfeiture as to each of those offenses.  You should make a determination as to each item of property and each offense.

---

"A person who is convicted of an offense under this chapter involving a visual depiction described in [18 U.S.C. §§ 2251 or 2252] shall forfeit to the United States such person's interest in "(1) any visual depiction described in section 2251, 2251A, or 2252[,] 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a).

Fed. R. Crim. P. 32.2(b)(1)(A) ("As soon as practical after a verdict or finding of guilty … on any count in an indictment . . . regarding which criminal forfeiture is sought, the court [or jury] shall determine what property is subject to forfeiture under the applicable statute.").

United States' Proposed Forfeiture Jury Instructions - 2
*United States v. Maness*; CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. \_\_\_**

The burden of proof is different at the forfeiture phase of trial. Whereas the United States had the burden of proving Defendant Richard Stanley Maness Jr.'s guilt "beyond a reasonable doubt," the United States need only prove the identified items are forfeitable "by a preponderance of the evidence." This is a much lower burden.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

---

Ninth Circuit Model Civil Jury Instruction – 1.6 (2022 Edition); *United States v. Garcia-Guizar*, 160 F. 3d 511, 523 (9th Cir. 1998) ("criminal forfeiture need only be proved by a preponderance of the evidence") (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989)); *United States v. Shryock,* 342 F.3d 948, 991 (9th Cir. 2003) (the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) "does not disturb the rule that statutorily-prescribed forfeiture is constitutional when supported by the preponderance of the evidence"); *United States v. Hull*, 606 F.3d 524, 527 (8th Cir. 2010) (applying preponderance of the evidence standard in child pornography).

United States' Proposed Forfeiture Jury Instructions - 3
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. \_\_\_**

While deliberating on forfeiture, you may consider any evidence, including testimony, offered by the parties at any time during the trial.

---

Fed. R. Crim. P. 32.2(b)(1)(B) (the forfeiture determination "may be based on evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); *United States v. Newman*, 659 F.3d 1235, 1244-45 (9th Cir. 2011) (recognizing Rule 32.2(b)(1)(B) allows the court, when making a forfeiture determination, to rely on evidence already in the record, including any admissions in written plea agreement), *abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *United States v. Bornfield*, 145 F.3d 1123, 1134-36 (10th Cir. 1998) (implicitly approving instruction that the jury, when deciding forfeiture, could "consider any evidence offered by the parties before [its] previous deliberations" on the substantive criminal charges); *see also United States v. Hull*, 606 F.3d 524, 527-28 (8th Cir. 2010).

United States' Proposed Forfeiture Jury Instructions - 4
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. ___**

When considering the evidence for forfeiture, the instructions you previously received regarding what is evidence, direct and circumstantial evidence, the credibility of witnesses, and reaching a unanimous verdict continue to apply.

---

Ninth Circuit Model Criminal Jury Instructions – 6.6, 6.7, 6.8, 6.9 & 6.19 (December 2022).

United States' Proposed Forfeiture Jury Instructions - 5
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. \_\_\_**

You have already found that Defendant Richard Stanley Maness, Jr. committed the offense of *Conspiracy to Produce Child Pornography*, as charged in Count 1 of the Indictment and *Production of Child Pornography*, as charged in Count 2 of the Indictment. When deliberating on forfeiture, you are bound by these previous findings and must not reconsider or revise these findings.

---

*United States v. Bornfield*, 145 F.3d 1123, 1138 n.12 (10th Cir. 1998) (because forfeiture is imposed following conviction, as part of the sentence, it "does not affect … [a Defendant's] substantive conviction"); *United States v. Cauble,* 706 F.2d 1322, 1348 (5th Cir. 1983) (bifurcating forfeiture in a second phase of a trial "prevents the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or innocence").

United States' Proposed Forfeiture Jury Instructions - 6
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. ___**

You have found that Defendant Richard Stanley Maness, Jr. committed the offense of *Conspiracy to Produce Child Pornography*, as charged in Count 1 of the Indictment. To reach a verdict on forfeiture with respect to Count 1, you must determine whether one Apple iPhone 14, seized on or about August 28, 2024, from 200 Roy St., Apt. #208, Seattle, Washington 98109, was used, or intended to be used, to commit or to promote Defendant Richard Stanley Maness, Jr.'s commission of this offense.

You have found that Defendant Richard Stanley Maness, Jr. committed the offense of *Production of Child Pornography*, as charged in Count 2 of the Indictment. To reach a verdict on forfeiture with respect to Count 2, you must determine whether the Apple iPhone 14, seized on or about August 28, 2024, from 200 Roy St., Apt. #208, Seattle, Washington 98109, was used, or intended to be used, to commit or to promote Defendant Richard Stanley Maness, Jr.'s commission of this offense.

United States' Proposed Forfeiture Jury Instructions - 7
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. ___**

When deliberating on forfeiture, you should not consider what might happen to the property if it is forfeited. The ultimate disposition of forfeited property is a matter for the Court to decide. Nor should you consider, when deliberating, whether anyone other than Defendant Richard Stanley Maness, Jr. may have an interest in the property. Any third-party interests will be addressed by the Court in a separate proceeding.

---

Fed. R. Crim. P. 32.2(c) (the court enters a final order of forfeiture after any third-party claims are adjudicated in post-sentencing ancillary proceedings).

United States' Proposed Forfeiture Jury Instructions - 8
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. \_\_\_\_**

A Special Verdict Form for Forfeiture has been prepared for you to record your forfeiture verdict. You may record your verdict by putting an "X" or check mark in the space provided next to the words "YES" or "NO." The foreperson must then sign and date the form.

Items of property may be subject to forfeiture on multiple grounds. You need not be concerned with "overlapping" of properties.

_____

Fed. R. Crim. P. 32.2(b)(5)(B) (when the jury determines forfeiture, the government must submit a Special Verdict Form for that purpose).

United States' Proposed Forfeiture Jury Instructions - 9
United States v. Maness; CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. \_\_\_\_**

You must reach a unanimous verdict as to each question on the special verdict form. Everyone must agree to any "YES" or "NO" answer.

United States' Proposed Forfeiture Jury Instructions - 10
*United States v. Maness;* CR24-165-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970