The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>v.<br><br>RICHARD STANLEY MANESS, Jr.,<br><br>Defendant. | NO. CR24-165 RAJ<br><br>GOVERNMENT'S TRIAL BRIEF |

The United States of America, through Teal Luthy Miller, Acting United States Attorney for the Western District of Washington, and Matthew Hampton and Cecelia Gregson, Assistant United States Attorneys, respectfully submits the following Trial Memorandum.

## I. INTRODUCTION

Defendant Richard Stanley Maness, Jr. is charged by indictment with Conspiring to Produce and Producing Child Pornography (Counts 1 and 2, respectively), in violation of 18 U.S.C. § 2251(a) and (e). The government anticipates calling three investigative witnesses and one custodian of records from Airbnb. The government anticipates its case-in-chief will take between two and three trial days.

## II. FACTUAL BACKGROUND

In August 2024, HSI arrested Richard Stanley Maness, Jr., and the United States charged him with conspiring to produce and producing child sexual abuse material. At

trial, the government will present evidence that Maness conspired with Vi Pham, a Vietnamese national, to abduct and harbor two minors at an Airbnb Maness rented in Ho Chi Minh City in early April 2024.  Although Pham was harboring two children, the chats between her and Maness focused primarily on only one of the two—a female who looks to be between 6 and 8 years old.  The government will refer to this child as MV1.  Over several days, Maness repeatedly asked Pham to send him photos and videos of her sexually abusing this child.  And Pham complied.  Maness repeatedly presaged in graphic and horrifying terms his plan to rape this young girl once he arrived in Vietnam, which flight records show he was set to do in late April 2024.

Those plans were interrupted when Vietnamese law enforcement arrested Pham and rescued these children.  Their investigation led them to Maness as Pham's suspected co-conspirator, and they sought assistance from U.S. law enforcement.  Vietnamese officials also provided copies of chats between Maness and Pham recovered from Pham's phone, among other records. Vietnamese Ministry of Public Security Colonel Hung Nguyen was a lead investigator in the children's kidnapping and arrested Pham at the Airbnb Maness rented on April 8, 2024. Colonel Nguyen will testify at trial regarding his actions, observations, and seizure of Pham's phone upon which he observed and preserved records documenting Maness and Pham's conspiracy to sexually abuse and produce photos and videos of MV1 in the form of screen shots of chats between the two spanning dates in April 2024.

On August 28, 2024, a search warrant was executed on an apartment where Maness had been staying. An iPhone was seized and subsequently forensically analyzed. Certified Forensic Examiners determined the iPhone contained multiple files depicting child sexual abuse material. Notably, a file documenting Pham's arrest by the Vietnamese Ministry of Public Security and artifacts of the Zalo application Maness and Pham used were also found on the phone.

GOVERNMENT'S TRIAL BRIEF - 2
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.    ELEMENTS OF THE OFFENSES AND RELEVANT LAW

The defendant is charged in Count One of the Indictment with Conspiracy to Produce Child Pornography in violation of Sections 2251(a) and 2251(e) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove: (1) that between in or about November 2023 and in or about April 2024, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The defendant is charged in Count Two of the Indictment with Production of Child Pornography in violation of Sections 2251(a) and 2251(e) of Title 18 of the United States Code.  The government will present two alternative theories of criminal liability: aiding and abetting under 18 U.S.C. § 2 and attempt, which Section 2251(e) notes is punishable in the same manner as a completed offense under Section 2251(a).

Under an aiding and abetting theory, the jury must find that someone committed an offense in violation of Section 2251(a) and that the defendant aided and abetted the commission of that offense.  To establish the commission of an offense under Section 2251(a), the government must prove: (1) at the time, MV1 was under the age of eighteen years; (2) a person employed, used, persuaded, induced, enticed, or coerced MV1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

To convict Maness of aiding and abetting an offense under Section 2251(a), the government must prove: 1) between in or about March 2024 and in or about April 2024, someone else committed the offense of production of child pornography as charged in Count Two of the indictment; 2) the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the offense of production of

child pornography; 3) the defendant acted with the intent to facilitate the offense of production of child pornography; and 4) the defendant acted before the crime was completed.

Alternatively, the government may establish Maness's guilt for Count 2 based on an attempt to violate Section 2251(a). To convict the defendant of attempting to commit that offense, the government must prove the following: 1) between in or about March 2024 and in or about April 2024, the defendant intended to employ, use, persuade, induce, entice, or coerce MV1—a person under 18 years of age—to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; 2) the defendant did something that was a substantial step toward the commission of that offense; and 3) the defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce or mailed.

## A.      Definition of a "Minor"

Counts 1 and 2 require the government to prove the existence of visual depictions of a "minor" engaged in sexually explicit conduct. For purposes of these offenses, a minor is a "person under the age of eighteen years." 18 U.S.C. § 2256(1).

In addition, the term "person" in 18 U.S.C. § 2256(1) refers to a real person, not an electronically generated depiction of what appears to be a person. As the Supreme Court has explained in the context of a claim for possession of child pornography, "virtual" child pornography, which does not depict real children but instead shows computer-generated images of "virtual" children, cannot give rise to criminal liability. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 239–40 (2002). As a result, the government has the burden of proving beyond a reasonable doubt that the visual depictions that are the basis for the charged offenses were of actual children. *See United States v. Rearden*, 349 F.3d 608, 613 (9th Cir. 2003).

The government does not, however, need to "pre-screen" or "pre-authenticate" the visual depictions upon which the criminal charges are based to show that the children are

real. *United States v. Salcido*, 506 F.3d 729, 733 (9th Cir. 2007) (quoting *United States v. Sheldon*, 233 F. App'x 478, 483 (6th Cir. 2007)). Rather, the government may present the visual depictions to the factfinder, along with proof that those visual depictions show real children. *Id.*

At trial, the government will prove that the visual depictions produced involved real children. That evidence consists of the visual depictions themselves, corresponding to messages from the co-conspirator producer that are consistent with those shown by real children, not computer-generated images. The Ninth Circuit has held that the factfinder may rely on the visual depictions themselves, apart from any expert testimony, in order to find that the children depicted are real. *Id.* at 733–34 ("We agree with every other circuit that has ruled on the issue that expert testimony is not required for the government to establish that the images depicted an actual minor."); *see also United States v. Farrelly*, 389 F.3d 649, 654 n.4 (6th Cir. 2004) ("[N]o circuit requires that expert evidence be introduced to prove the reality of children portrayed in pornographic images."), *superseded by statute on other grounds*, *United States v. Williams*, 411 F.3d 675, 677 n.1 (6th Cir. 2005).

Moreover, the government will call Colonel Nguyen, who possesses personal knowledge and can identify the children depicted in the files Maness produced. The Colonel will be able to confirm the identity and age of the children depicted and it is anticipated that he will be able to testify as to the location where that imagery was created.

Nor is the government required to present expert testimony to establish that a person is under the age of eighteen. *See United States v. Katz*, 178 F.3d 368, 373 (5th Cir. 1999) (explaining that, in appropriate cases, lay juries can determine without any expert assistance whether a child is under the age of eighteen). As noted, the government will elicit testimony from a witness with knowledge of the identity and age of the children depicted in the imagery the government will offer at trial.

//
//

GOVERNMENT'S TRIAL BRIEF - 5
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.     Sexually Explicit Conduct**

Both charged counts require proof of intent to create a visual depiction or the creation of a depiction that shows a minor engaged in "sexually explicit conduct." The term "sexually explicit conduct" means actual or simulated: (1) sexual intercourse, including genital to genital contact, oral to genital contact, anal to genital contact, or oral to anal contact, whether between persons of the same or opposite sex; (2) bestiality, (3) masturbation, (4) sadistic or masochistic abuse, or (5) lascivious exhibition of the genitals, anus, or pubic area of any person. 18 U.S.C. § 2256(2)(A); Ninth Circuit Model Jury Instruction 20.23.

Some of the depictions that the government will offer into evidence do not depict sex acts, but instead show the genitalia or pubic area of minors. The Ninth Circuit has explained that a factfinder may rely on the non-exhaustive list of factors set out in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), to determine whether exhibitions are "lascivious" and therefore meet the requirements of 18 U.S.C. § 2256(2)(A)(v):

(1)    Whether the focal point of the depiction is the child's genitalia or pubic area;

(2)    Whether the setting of the depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3)    Whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;

(4)    Whether the child is fully or partially clothed or is nude;

(5)    Whether the depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6)    Whether the depiction is intended or designed to elicit a sexual response from the viewer.

*United States v. Overton*, 573 F.3d 679, 686-87 (9th Cir. 2009) (explaining that *Dost* factors are "neither exclusive nor conclusive, but operate as merely 'a starting point' for determining whether a particular image is 'so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur'") (quoting *United States v. Hill*, 459 F.3d 966, 971 (9th Cir. 2006)). "Of course," the *Dost* court noted, "a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.'" 636 F. Supp. at 832. These factors "are not definitional—nor do they purport to be."

GOVERNMENT'S TRIAL BRIEF - 6
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*United States v. Rivera*, 546 F.3d 245, 252 (2d Cir. 2008).  "*Dost* recommends that 'the trier of fact should look to' the six enumerated factors, but noted that 'others . . . may be relevant in a particular case.'" *Id.* at 252-53 (quoting *Dost,* 636 F. Supp. at 832).

The Ninth Circuit has also emphasized the "subjective" nature of the inquiry into whether an image constitutes child pornography.  *United States v. Perkins,* 850 F.3d 1109, 1118 (9th Cir. 2017).  And that subjective test, in the jury trial context, focuses on the intent of the image's creator:  "[L]asciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles."  *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987). The relevant question is not whether a child's parent might consider the image of his or her own child to constitute a lascivious display, but instead whether the image was designed to "arouse or satisfy the sexual cravings of a voyeur."  *Id.*  "[T]he relevant factual inquiry in this case is not whether the pictures in issue appealed, or were intended to appeal, to [the defendant's] sexual interests but whether, on their face, they appear to be of a sexual character."  *United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002).  Whether the photographs appealed to a defendant's sexual interests is not dispositive; the question is whether the photographs are designed to elicit a sexual response in the *viewer.*  The "viewer" does not mean the "average viewer" who is, no doubt, uninterested in these photographs, but rather "the pedophile viewer" who may be.  *See Dost,* 636 F. Supp. at 832.

## C.    Interstate/Foreign Commerce Nexus

Both offenses require proof of an interstate nexus. It is well established that the internet is a facility of interstate commerce.  *United States v. Schaff*, 454 F. App'x 880, 883 n.1 (11th Cir. 2012) ("Because the internet is a means or facility of interstate commerce, evidence that the defendant used the internet to obtain child pornography is sufficient to obtain a conviction under the new version of the statute, even without proof of an actual interstate transmission."); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ("[I]t is beyond debate that the Internet and email are facilities or means of

GOVERNMENT'S TRIAL BRIEF - 7
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interstate commerce."); *United States v. Havlik*, 710 F.3d 818, 824 (8th Cir. 2013) (finding that evidence that defendant downloaded child pornography from the internet was sufficient to satisfy the jurisdictional element of 18 U.S.C. § 2252(a)(4)(B), as "the Internet is an instrumentality and channel of interstate commerce").

The evidence will establish that Maness used the internet to conspire with Pham - who was residing and present with the Minor Victims in Vietnam - to create child sexual abuse imagery. His use of the internet to commit his crimes satisfies the interstate nexus requirement for both counts, regardless of whether there is any evidence a specific visual depiction crossed a state or national boundary. *See United States v. Wright*, 625 F.3d 583, 600 (9th Cir. 2010) (noting that broad interstate nexus language in federal child pornography statutes reaches some "wholly intrastate conduct"), *superseded by statute on other grounds*, *United States v. Brown*, 785 F.3d 1337, 1350–51 (9th Cir. 2015). Though here, the evidence will also show Pham created these visual depictions in Vietnam and sent them to Maness in the United States.

**D.     Proof of Mental State**

Both Counts 1 and 2 require proof of Maness's knowledge and intent and require the government to prove Maness acted knowingly when he conspired and attempted to produce sexual abuse material. Although Maness need not have known the precise content of the material or the actual age of the underage subjects of these depictions, he must have had an awareness, notice, reason to know, or a belief or ground for belief warranting further inspection, that what he received and possessed contained visual depictions of a minor engaging in sexually explicit conduct. *United States. v. Lacy*, 119 F.3d 742, 747 (9th Cir. 1997).

At trial, the government will rely primarily on the Zalo chats themselves, which include numerous statements by Maness indicating his intent that Pham create and send him child sexual abuse material. The imagery itself, which included photos of MV1 that could hardly make it clearer that the subject of Maness's conspiracy with Pham was the exploitation of a very young girl. The government will also present evidence that Maness possessed two videos depicting child sexual abuse on his phone at the time of his arrest.

GOVERNMENT'S TRIAL BRIEF - 8
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Though neither involve MV1, both are admissible to prove Maness's knowledge and intent, as well as his propensity to commit the offenses charged in Count 1 and 2. *See* Fed. R. Evid. 404, 414.

## IV.    TRIAL WITNESSES

**A.    Government's Witnesses.**

The government has listed four witnesses in its witness list and reserves the right to call any of these individuals in its case-in-chief:

Homeland Security Investigations Special Agent Garrett Saxton

Homeland Security Investigations Certified Forensic Agent Alan Heng

Vietnamese Ministry of Public Security Colonel Hung Nguyen

Monique Chauvet

**B.    Expert Testimony**

The government does not intend to present expert testimony as defined in Fed. R. Evid. 702, 703, or 705.  And it has not received any notice from the defendant of his intent to present such testimony.

CFA Alan Heng will, however, testify about his training and experience as a computer forensic analyst and his work on this case.  Specifically, he will confirm that he used reliable forensic techniques to extract data from the defendant's iPhone.  SA Heng will also confirm that the data extracted accurately reflect the original data as it exists on Maness's phone.

The government previously notified the defense of its intention to elicit this testimony and its belief that no expert disclosures under Rule 16 were necessary for CFA Heng.  The defense did not raise any objections in response.

## V.    EVIDENTIARY MATTERS

**A.    Admitting and Displaying Child Sexual Abuse Material**

The government intends to offer as evidence and display a several image files and two videos depicting child sexual abuse.  The government anticipates showing each video

GOVERNMENT'S TRIAL BRIEF - 9
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  only once and may play only a portion of each, relying on SA Saxton to testify about the

2  remaining content.

3      The bulk the material depicting child sexual abuse will be found in Exhibit 2,

4  which includes the Zalo chats between Maness and Pham and certain images obtained

5  from Pham's phone.  The government expects to publish this material to the jury through

6  the testimony of SA Saxton, though it may review the evidence with other witnesses.

7  The government has also prepared a redacted version of this material that contains no

8  child sexual abuse material and that will be used both SA Saxton and during opening and

   closing.

9      The government will present these exhibits using a government computer

10 connected to the courtroom projection system.  Before publishing any of these exhibits to

11 the jury, the government will alert the Court and request the monitors facing the gallery

12 be disabled to avoid unnecessary display of this imagery to the public.

13     As to the number of visual depictions and number of times they will be presented

14 to the jury, the government is mindful of the troubling nature of these exhibits.  The

15 government faces a high burden, however, and must be permitted to present the evidence

16 in a manner that will be conducive to meeting that burden.  The jury will be tasked with

17 determining whether these depictions meet the statutory requirements necessary to

18 sustain a conviction, meaning they must inspect and analyze this material to discharge

19 their duty.  Accordingly, the government should "not be restricted [at trial] to a modest

20 quantum of evidence that will support the indictment."  *United States v. Gallo*, 543 F.2d

   361, 365 (D.C. Cir. 1976).

21 **B.    Charts and Summaries**

22     The government may introduce or use at trial summaries and charts of evidence

23 related to accounts Maness' utilized in the conspiracy to produce child sexual abuse

24 material with Pham under Federal Rule 1006.  The government may use some of its

25 charts and summaries during the opening statement, the presentation of its case in chief,

26

27

GOVERNMENT'S TRIAL BRIEF - 10
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and/or during closing argument.  These charts and summaries will substantially assist the jury in understanding the Government's proof in this case.

It is well-established that the trial Court in its discretion may allow the presentation of summary evidence to guide and assist the jury in understanding and judging the factual controversy.  *See*, Fed. R. Evid. 1006; *United State v. Skalicky*, 615 F.2d 1117, 1120-21 (5th Cir. 1980); *United States v. Cooper*, 464 F.2d 648, 656 (10th Cir. 1972).  A foundation for the admission of each chart and summary will be laid through the testimony of various witnesses, who will testify that the charts and summaries accurately reflect information contained in documents already in or to be admitted into evidence.  *See United States v. Lemire*, 720 F.2d 1327, 1349 (D.C. Cir. 1983); *United States v. Pollack*, 417 F.2d 240, 241 (5th Cir. 1969).

Because of the voluminous and technical nature of account data, the Government intends to rely on the testimony of investigators to summarize and analyze the contents of the information retrieved from the defendant's phone.  Federal Rule of Evidence 1006 provides that "the contents of voluminous writings, recordings or photographs which cannot be conveniently examined in Court may be presented in the form of a chart, summary, or calculation."  The Ninth Circuit has recognized that summary evidence "can help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses."  *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989), quoting *United States v. Lemire,* 720 F.2d 1327, 1348 (D.C. Cir. 1983); *see also United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988) (approving the use of a summary chart where the sequence of events as confusing and the chart contributed to the clarity of the presentation).

Although the underlying materials upon which the summary testimony is based must be "admissible," they need not be actually admitted into evidence. *United States v. Meyers,* 847 F.2d at 1412.  The foundation for admission of such a summary is simply

GOVERNMENT'S TRIAL BRIEF - 11
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that the records are voluminous and that in-court examination would be inconvenient. *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990).

Summary charts may also be used by the Government in opening statement. Indeed, "such charts are often employed in complex conspiracy cases to provide the jury with an outline of what the government will attempt to prove." *United States v. De Peri*, 778 F.2d 963, 979 (3d Cir. 1985) (approving Government's use of chart), *cert denied*, 475 U.S. 1110 (1986); *United States v. Rubino*, 431 F.2d 284, 290 (6th Cir. 1970), *cert. denied* 401 U.S. 910 (1971) (same).

In addition, summary charts are admissible under Fed. R. Evid. 611(a), which permits a Court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for ascertainment of the truth; (2) avoid needless consumption of time; and (3) protect witnesses from harassment or undue embarrassment." *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980). A chart summarizing the unavailable document is also admissible under Fed. R. Evid. 1004 if the underlying materials are "lost or destroyed" or "not obtainable." Fed. R. Evid. 1004(1) and 1004(2).

A summary witness may also properly testify about, and use a chart to summarize, evidence that has already been admitted. The Court and Jury are entitled to have a witness "organize and evaluate evidence which is factually complex and fragmentally revealed." *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (*United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983) (agent's testimony regarding her review of various telephone records, rental receipts, and other previously offered testimony held to be proper summary evidence as it helped the Jury organize and evaluate evidence; summary charts properly admitted); *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983), *cert. denied,* 467 U.S. 1226 (1984).

GOVERNMENT'S TRIAL BRIEF - 12
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Finally, a summary witness may rely on the analysis of others where he or she has sufficient experience to judge another person's work and incorporate as his own the facts of its expertise.  The use of other persons in the preparation of summary evidence goes to its weight, not its admissibility.  *United States v. Soulard*, 730 F.2d 1292, 1299 (9th Cir. 1984); *see Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co*., 466 F.2d 722, 727 (7th Cir. 1972) ("It is not necessary… that every person who assisted in the preparation of the original records of the summaries be brought to the witness stand").

## C.    Cross-Examination of the Defendant

A defendant who testifies at his trial may be cross examined as to all matters reasonably related to the issues he puts in dispute during direct examination.  *United States v. Miranda Uriarte,* 649 F.2d 1345, 1353-54 (9th Cir. 1981).  A defendant has no right to avoid cross examination on matters which call into question his or her claim of innocence.  *Id.* at 1354.

## D.    Defendant's Self-Serving Out-of-Court Statements are Inadmissible Hearsay

The government is not offering any statements made by Maness at trial beyond those contained in his chats with Pham and messages he sent using the Airbnb rental service.  Maness is precluded from offering any out-of-court statements at trial, even should he elect to testify. As the Ninth Circuit has noted, "plac[ing] [a defendant's] statement [ ] before the jury without subjecting [him] to cross- examination [is exactly] what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988); *see also United States  v. Quinones-Chavez*, 641 F. App'x 722, 725 (9th Cir. 2016) (unpublished) ("If Quinones wished to communicate his version of events, he could have testified.")

The defendant may attempt to offer statements he made that appear exonerative or to justify explanations of his conduct. These might include, for example, statements made concerning his previous connection to Pham, prior travel to Vietnam, or a conspiracy theory concerning "communist" Vietnam conspiring to frame him. The

defendant cannot rely on Fed. R. Evid. 801(d)(2) because, as its proponent, the evidence is not being offered against him. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007); *United States v. Ortega*, 203 F.3d 675, 679 (9th Cir. 2000); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). "The self-inculpatory statements, when offered by the government, are admissions by a party- opponent and are therefore not hearsay, *see* Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay." *Ortega*, 203 F.3d at 682. A defendant cannot admit his own out-of-court statements through someone else. *See United States v. Waters*, 627 F.3d 345, 358 (9th Cir. 2010) (holding that a statement by the defendant to a relative, "I am innocent", was "clearly hearsay"); *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982); *United States v. Waters*, 194 F.3d 926, 931 (8th Cir. 1999). Maness' "non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements." *Ortega*, 203 F.3d at 682 (citing *Williamson v. United States*, 512 U.S. 594, 599 (1994)). Simply stated, the admissibility of a falsely exculpatory statements, like statements of a party-opponent, is at the government's option, not Maness.

The defense should also be prevented from slipping in Maness' self-serving statements for a supposedly non-hearsay purpose that's mere pretext. *See United States v. Two Elk*, 536 F.3d 890, 901 (8th Cir. 2008) (abuse of discretion to allow agent to testify about alternative suspect's denial of culpability on the "fairly flimsy rationale" of showing why FBI did not investigate him). If the defense admits an out-of-court, self-serving statement on the basis that it's not for the truth of the matter asserted (e.g., "effect on the listener"), it would be improper to then turn around and utilize the statement in closing argument for its self-serving purpose. *Cf. United States v. Adams*, 722 F.3d 788, 829-30 (6th Cir. 2013) (finding that government's closing argument did not reference complaints of elections violations admitted as non-hearsay for the improper purpose of proving vote- buying). To prevent this, the Court should be wary of any non-hearsay arguments to admit statements by Maness with an obvious self-serving purpose. And if such statements are admitted, the Court should

GOVERNMENT'S TRIAL BRIEF - 14
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

disallow the defense from utilizing the statements for their self-serving purpose during closing argument and give a limiting instruction. *See United States v. King*, 36 F.3d 728, 732 (8th Cir. 1994) (expressing concern over lack of limiting instruction that jury was to consider testimony only for the purpose for which it was admitted and not for the truth of the matter asserted).

**E.    Photographs.**

The Government expects to offer photographs of the execution of search warrants. These exhibits are admissible if a witness testifies that they are accurate representations of what they are intended to depict. *United States v. Brannon*, 616 F.2d 413, 416 (9th Cir. 1980) (evidence that photographs accurately depict scene provides a sufficient foundation for admission under FRE 901(a)).

**F.    Evidence of the Defendant's Character and Lack of Criminal History**

Neither the defendant's character nor any trait of the defendant's character is an essential element of the crimes charged in the Indictment. Thus, the defense may not introduce any evidence of specific instances of conduct (e.g. awards, commendations, lack of previous sex offense charges) that would reflect favorably on the defendant. *United States v. Soloman*, 686 F.2d 863, 873-74 (11th Cir. 1982) (disallowing, inter alia, questions re: family and military service).

Evidence of Maness' lack of criminal record should also be excluded because lawful conduct at one time is "simply irrelevant" to whether the defendant engaged in criminal conduct another time. *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) ("Whether [the defendant] had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent."). A defendant "may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions." *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (citation and alteration omitted).

GOVERNMENT'S TRIAL BRIEF - 15
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Because Maness' character and his lack of criminal history are irrelevant, i.e., it does not make any fact of consequence more or less probable, he should be precluded from presenting it at trial under Rules 401 and 402.

## VI.     POSSIBLE DEFENSES

Maness has not given notice of any defense for which the Federal Rules of Criminal Procedure require notice.  Therefore, the Government would move to bar any such defense if it were raised during trial.

## VII.     RECIPROCAL DISCOVERY

To date, the Government has provided nearly 1,800 pages of discovery to the defense.  Since the inception of this prosecution, the United States has made available for the defense review all of the items of evidence, whether intended to be used as trial exhibits or not, over which the Government has control or custody.  The United States has received no discovery from defense.  Should defense offer evidence at trial that was not previously disclosed that should have been provided previously, the Government will seek to exclude it, pursuant to Rule 16(d)(2) of the Federal Rules of Criminal Procedure.

## VIII.   FORFEITURE

The United States provided notice to Maness of its intent to seek forfeiture of property in this case in the Indictment and the Forfeiture Bill of Particulars (Dkt. Nos. 27, 76) pursuant to 18 U.S.C. § 2253(a). Upon conviction of one or more of the offenses charged in Counts 1 and 2, the United States will seek to forfeit all property Maness used, or intended to use, to commit or to promote his commission of, such offense(s), including but not limited to:

   a.   One Apple iPhone, seized on or about August 28, 2024, from 200 Roy St., Apt. #208, Seattle, Washington 98109.

**A.     Legal Standard**

GOVERNMENT'S TRIAL BRIEF - 16
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Criminal forfeiture is a form of punishment that is imposed as part of a criminal sentence. *Libretti v. United States*, 516 U.S. 29, 39-40 (1995). For the government to criminally forfeit property, there must be a predicate criminal conviction, a statute authorizing forfeiture for the crime of conviction, and evidence to support the statutorily required nexus between the property and the crime of conviction. *See, e.g., United States v. Garcia-Guizar*, 160 F.3d 511, 518-20 (9th Cir. 1998) (reviewing these requirements).

Here, there is statutory authority to forfeit the above-described property pursuant to 18 U.S.C. § 2253(a), which provides in pertinent part that a person who is convicted of an offense under that chapter involving a visual depiction described in 18 U.S.C. §§ 2251 or 2252 shall forfeit to the United States such person's interest in "(1) any visual depiction described in section 2251, 2251A, or 2252[,] 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." *See* 18 U.S.C. § 2253(a).

The government must establish the nexus between the offense and the relevant property by a preponderance of the evidence. *See, e.g., United States v. Mancuso*, 718 F.3d 780, 799-800 (9th Cir. 2013); *United States v. Phillips*, 704 F.3d 754, 770 n.14 (9th Cir. 2012); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989). This lower standard of proof "is constitutional because the criminal forfeiture provision does not itself describe a separate offense but is merely an 'additional penalty' for an offense that must be proved beyond a reasonable doubt." *Garcia-Guizar*, 160 F.3d at 518 (citing *Hernandez-Escarsega*, 886 F.2d at 1577).

GOVERNMENT'S TRIAL BRIEF - 17
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In the forfeiture phase of trial in this matter, the United States will prove:

- Defendant used, or intended to use, the Apple iPhone seized on August 28, 2024, to commit or to promote the commission of, the offense charged in Count 1 (Conspiracy to Produce Child Pornography); and

- Defendant used, or intended to use, the Apple iPhone seized on August 28, 2024, to commit or to promote the commission of, the offense charged in Count 2 (Production of Child Pornography);

Thus, these items are forfeitable pursuant to 18 U.S.C. § 2253(a).

**B.    Forfeiture Process**

Fed. R. Crim. P. 32.2 sets out the procedures for determining the forfeitability of property in a criminal case. Forfeitures are decided after a guilty verdict is returned on a count that supports the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(1)(A). At that juncture, the specific question for the fact finder is whether the government "has established the requisite nexus between the property and the offense." *Id.*

As forfeiture is determined post-conviction, and is considered part of sentencing, the rules of evidence do not strictly apply to forfeiture proceedings. *See e.g., United States v. Hatfield*, 795 F. Supp.2d 219, 229-30 (E.D.N.Y. 2011) (holding neither the Federal Rules of Evidence nor *Daubert* apply to forfeiture hearings); *see also United States v. Creighton*, 52 F. App'x 31, 35-36 (9th Cir. 2002) ("hearsay evidence is permissible at sentencing and does not, per se, lack sufficient indicia of reliability"). The fact finder may consider any evidence that is "relevant and reliable." *See* Fed. R. Crim. P. 32.2(b)(1)(B). This includes any evidence presented by the parties during trial on the substantive criminal offenses. *See id* ("The court's [or jury's forfeiture] determination may be based on evidence already in the record ….").

If Maness is convicted of one or more of the identified offenses, the United States expects to present the forfeiture case in a supplemental proceeding pursuant to Fed. R. Crim. P. 32.2(b)(5). The United States is willing to waive its right to retain the jury for

GOVERNMENT'S TRIAL BRIEF - 18
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   that proceeding and have the Court decide the forfeitures. *See* Fed. R. Crim. P.

2   32.2(b)(5)(A). If, however, Maness is unwilling to waive, the United States is prepared to

3   present the forfeiture case to the jury. According to the Rules, the Court must determine

4   whether the jury will be retained for forfeiture **before the jury begins deliberating**. *See*

5   Fed. R. Crim. P. 32(b)(5)(A).

6       The forfeiture phase of the trial should be bifurcated from the guilt phase of the

7   trial, with separate jury deliberations and argument of counsel as to forfeiture. *See United*

8   *States v. Feldman*, 853 F.2d 648, 661–62 (9th Cir. 1988); *see also United States v.*

9   *Cauble*, 706 F.2d 1322, 1348 (5th Cir. 1983) (describing how a bifurcated trial "prevents

10  the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or

11  innocence"). The United States will submit a special verdict form asking the jury "to

12  determine whether the government has established the requisite nexus between the

13  property [sought for forfeiture] and the offense committed by the defendant." Fed. R.

14  Crim. P. 32.2(b)(5)(B).

15      In the forfeiture proceeding here, the United States expects to rely primarily on the

16  testimony and evidence introduced during the guilt/innocence phase of trial. The United

17  States expects to present argument with respect to the forfeiture of this property, but it

18  does not anticipate presenting substantial additional testimony or exhibits. The United

19  States reserves its right, however, to offer alternative arguments and evidence in support

20  of forfeiture as necessary to respond to developments at trial.

21  //

22  //

23

24

25

26

27

GOVERNMENT'S TRIAL BRIEF - 19
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IX.    CONCLUSION

The United States submits this trial brief to inform the Court as to the significant legal issues that may arise during trial.  It reserves the right to offer alternative arguments if these issues are subject to pretrial motions, and to raise additional legal issues during the course of the trial.

DATED this 21st day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
CECELIA Y. GREGSON
Assistant United States Attorneys
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-6677
Fax: (206) 553-2502
E-mail:  matthew.hampton@usdoj.gov

*I certify that this memorandum contains 6192 words, in compliance with the Local Court Rules.*

GOVERNMENT'S TRIAL BRIEF - 20
*United States v. Maness*, CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970