The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>RICHARD STANLEY MANESS, Jr.,<br>Defendant. | NO. CR24-165 RAJ<br><br>JOINT PROPOSED JURY INSTRUCTIONS (CITED) |

**JOINT PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorneys, Teal Luthy Miller, Acting United States Attorney for the Western District of Washington, Matthew P. Hampton and Cecelia Y. Gregson, Assistant United States Attorneys for said District, and Richard Stanley Maness, Jr., through his attorneys Stephan Illa and Peter Geisness, hereby submit the following jointly proposed jury instructions (cited) for the trial scheduled to begin on August 4, 2025.

Regarding preliminary instructions, as noted at the pretrial conference on July 17, the parties do not object to the Court's proposed preliminary instructions. The parties have included two proposed preliminary instructions with this submission, however, for the Court's review and inclusion in the final instructions. One relates to the introduction

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of testimony through an interpreter, and the other includes the parties' proposed formulation of the elements of the offenses to be included where the Court's initial proposed instructions left a placeholder.

With two exceptions, the parties agree that the proposed instructions are appropriate in this case and should be given to the jury. The defense objects to Proposed Closing Instructions No. 16 and No. 17, which have been noted as "DISPUTED."

DATED this 21st day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
CECELIA Y. GREGSON
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0882
E-mail: Matthew.Hampton@usdoj.gov

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Joint Proposed Jury Instructions - 3
*United States v. Maness* / CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED PRELIMINARY INSTRUCTION NO. 1

INSTRUCTION NO. ____

This is a criminal case brought by the United States government. The government charges the defendant with *Conspiracy to Produce Child Pornography* and *Production of Child Pornography*. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

The defendant is charged in Count One of the indictment with conspiracy to produce child pornography in violation of Sections 2251(a) and 2251(e) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that between in or about November 2023 and in or about April 2024, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The defendant is charged in Count Two of the indictment with aiding and abetting production of and attempted production of child pornography in violation of Sections 2251(a), 2251(e), and 2 of Title 18 of the United States Code.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Count Two alleges the production of child pornography involving MV1 and occurring between in or about March 2024 and in or about April 2024. To prove the commission of this offense, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, MV1 was under the age of eighteen years;

Second, a person employed, used, persuaded, induced, enticed, or coerced MV1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

You may find the defendant guilty of the offense charged in Count Two of the indictment even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove the defendant guilty of production of child pornography by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

First, between in or about March 2024 and in or about April 2024, someone else committed the offense of production of child pornography as charged in Count Two of the indictment;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the offense of production of child pornography;

Third, the defendant acted with the intent to facilitate the offense of production of child pornography; and

Fourth, the defendant acted before the crime was completed.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Alternatively, you may also find the defendant guilty of the offense charged in Count Two of the indictment if you find the defendant attempted to commit the offense of production of child pornography. To find the defendant guilty of attempting to produce child pornography, you must find the government has proven each of the following elements beyond a reasonable doubt:

First, between in or about March 2024 and in or about April 2024, the defendant intended to employ, use, persuade, induce, entice, or coerce MV1—a person under 18 years of age—to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

Second, the defendant did something that was a substantial step toward the commission of that offense; and

Third, the defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce or mailed.

Ninth Circuit Model Criminal Jury Instruction 1.2, 4.1, 4.4, 11.1, and 20.18

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED PRELIMINARY INSTRUCTION NO. 2

INSTRUCTION NO. ____

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreter. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Ninth Circuit Model Criminal Jury Instruction 1.12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**PROPOSED COURSE OF TRIAL INSTRUCTIONS**

Joint Proposed Jury Instructions - 8
*United States v. Maness* / CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED COURSE OF TRIAL INSTRUCTION NO. 1

INSTRUCTION NO. ____

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Ninth Circuit Model Criminal Jury Instruction 2.1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED COURSE OF TRIAL INSTRUCTION NO. 2

INSTRUCTION NO. ____

[To be given before testimony aided by interpreter]

You are about to hear testimony of a witness who will be testifying in the Vietnamese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Vietnamese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instruction 2.9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL

Joint Proposed Jury Instructions - 12
*United States v. Maness* / CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 1

INSTRUCTION NO. ____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction 6.1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 2

INSTRUCTION NO. ____

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction 6.2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 3A

INSTRUCTION NO. ____

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instruction 6.3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 3B

INSTRUCTION NO. ____

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instruction 6.4

Joint Proposed Jury Instructions - 16
*United States v. Maness* / CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 4

INSTRUCTION NO. ____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instruction 6.5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 5

INSTRUCTION NO. ____

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence.

Ninth Circuit Model Criminal Jury Instruction 6.6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 6

INSTRUCTION NO. ____

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.
2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.
3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction 6.7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 7

INSTRUCTION NO. ____

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction 6.8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 8

INSTRUCTION NO. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instruction 6.9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 9

INSTRUCTION NO. ____

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instruction 6.10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 10

INSTRUCTION NO. ____

You have heard testimony of a witness who testified in the Vietnamese language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Vietnamese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used

Ninth Circuit Model Criminal Jury Instruction 6.17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 11

INSTRUCTION NO. ____

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instruction 3.16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 12

INSTRUCTION NO. ____

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instruction 3.17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 13

INSTRUCTION NO. __

The indictment charges that the offenses alleged in Count One and Count Two were committed "in or about" a specific time period.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the time periods alleged in Count One and Count Two of the indictment, it is not necessary for the government to prove that the offense was committed precisely during the time periods charged.

Ninth Circuit Model Criminal Jury Instruction 6.18

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 14

INSTRUCTION NO. __

The defendant is charged in Count One of the indictment with conspiracy to produce child pornography in violation of Sections 2251(a) and 2251(e) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that between in or about November 2023 and in or about April 2024, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Ninth Circuit Model Criminal Jury Instruction 11.1



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 15

INSTRUCTION NO. __

The defendant is charged in Count Two of the indictment with aiding and abetting production of and attempted production of child pornography in violation of Sections 2251(a), 2251(e), and 2 of Title 18 of the United States Code.

Count Two alleges the production of child pornography involving MV1 and occurring between in or about March 2024 and in or about April 2024. To prove the commission of this offense, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, MV1 was under the age of eighteen years;

Second, a person employed, used, persuaded, induced, enticed, or coerced MV1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

You may find the defendant guilty of the offense charged in Count Two of the indictment even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove the defendant guilty of production of child pornography by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

First, between in or about March 2024 and in or about April 2024, someone else committed the offense of production of child pornography as charged in Count Two of the indictment;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the offense of production of child pornography;

Third, the defendant acted with the intent to facilitate the offense of production of child pornography; and

Fourth, the defendant acted before the crime was completed.

Alternatively, you may also find the defendant guilty of the offense charge in Count Two of the indictment if you find the defendant attempted to commit the offense of production of child pornography. To find the defendant guilty of attempting to produce child pornography, you must find the government has proven each of the following elements beyond a reasonable doubt:

First, between in or about March 2024 and in or about April 2024, the defendant intended to employ, use, persuade, induce, entice, or coerce MV1—a person under 18 years of age—to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

Second, the defendant did something that was a substantial step toward the commission of that offense; and

Third, the defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce or mailed.

A "substantial step" is conduct that strongly corroborates a defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

You do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of the crime.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Ninth Circuit Model Criminal Jury Instruction 4.1, 4.4, and 20.18

Joint Proposed Jury Instructions - 31
*United States v. Maness* / CR24-165 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(DISPUTED)

PROPOSED CLOSING INSTRUCTION NO. 16

INSTRUCTION NO. __

In this case:

“Producing” means producing, directing, manufacturing, issuing, publishing, or advertising.

“Visual depiction” includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format;

“Sexually explicit conduct” means actual or simulated

**(i)** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

**(ii)** bestiality;

**(iii)** masturbation;

**(iv)** sadistic or masochistic abuse; or

**(v)** lascivious exhibition of the anus, genitals, or pubic area of any person.

*See* Ninth Circuit Model Criminal Jury Instructions 20.18 (comment), 20.22, & 20.23; 18 U.S.C. § 2256.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(DISPUTED)

PROPOSED CLOSING INSTRUCTION NO. 17

INSTRUCTION NO. __

In this case:

"Interstate or foreign commerce" means commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia, or with a foreign country.

The Internet is a "means or facility" of interstate or foreign commerce.

"Transportation in interstate or foreign commerce" includes transportation across state lines or from one country to another.

*See* Ninth Circuit Model Criminal Jury Instructions 20.18; 18 U.S.C. § 10; *United States v. Mugan*, 441 F.3d 622, 628 (8th Cir. 2006) (storage of offending images on electronic media storage previously transported in interstate commerce sufficient for Section 2251(a) conviction); *United States v. Zimmerman*, 529 F. Supp. 2d 778, 781, 788 (S.D. Tex. 2007) (sustaining conviction under 2251 where the images of child pornography the Defendant produced were found on CDs that traveled in interstate commerce); *United States v. Feola*, 420 U.S. 671, 676 n.9 (1975) ("the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute"); *United States v. Smith*, 459 F.3d 1276, 1287-89 (11th Cir. 2006) (rejecting the argument that the term "knowingly" applies to the interstate commerce element of 18 U.S.C. § 2252A(a)(5)(B)); *United States v. Darby*, 37 F.3d 1059, 1067 (4th Cir. 1994) (collecting cases) ("Numerous cases have held that criminal statutes based on the government's interest in regulating interstate commerce do not generally require that an offender have knowledge of the interstate nexus of his actions.").

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 18

INSTRUCTION NO. __

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instruction 6.19

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 19

INSTRUCTION NO. __

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction 6.20

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 20

INSTRUCTION NO. __

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction 6.21

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 21

INSTRUCTION NO. __

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction 6.22

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 22

INSTRUCTION NO. __

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instruction 6.23

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PROPOSED CLOSING INSTRUCTION NO. 23

INSTRUCTION NO. __

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instruction 6.24

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970