Hon. Richard A. Jones

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RICHARD MANESS,<br><br>　　Defendant. | No. CR 24 – 165 RAJ<br><br>DEFENDANT'S TRIAL BRIEF<br><br>Trial: August 4, 2025 |

Pursuant to LR CrR 23.1, defendant Richard Maness submits this trial brief:

**1. Trial Date:** The trial is scheduled to start on August 4, 2025. Team Maness will be ready to proceed. We expect the government's case-in-chief will take approximately two to three days. Possible defense witnesses would consume no more than about half of a trial day. If necessary, the forfeiture proceeding should be quite brief.

**2. Pending Pretrial Motions:** No motions remain pending. All pretrial motions were resolved by the Court at the Pretrial Conference on July 17, 2025.

**3. Objections & admissibility issues that may arise at trial:** The following issues may arise at trial and require rulings by the Court:

DEFENDANT'S TRIAL BRIEF – 1

US v. Maness, CR 24-165 RAJ

Law Offices of Stephan R. Illa, Inc. P.S.
P.O. Box 10033
Bainbridge Island, WA 98110
(206) 817-4142

**3.1. Evidence of other crimes, wrongs or acts – Fed.R.Evid. 404(b)**: The government has identified no Rule 404(b) evidence that it intends to introduce at trial. [1]

**3.2. Review & disclosure of exculpatory information in law enforcement personnel files – United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991):** In response to a defense request for disclosure, the government said it would review the pertinent files and respond as required by law. The defense asks that the government please confirm when its review has been completed.

**3.3. Objection to testimony containing opinions as to the law:** If any government's witness seeks to offer testimony about what the law requires, the purposes of the law, whether particular actions were lawful or not, the defense will object and move to strike the testimony.

The defense position is well-supported. The Court of Appeals for the Ninth Circuit has "condemned the practice of attempting to introduce law as evidence."[2] Expert testimony is not proper for issues of law.[3] Courts also exclude any testimony regarding a legal standard that will appear in the court's instructions to the jury.[4]

**3.4. Government agents should be presumed to be hostile for purposes of defense examinations:** The defense contends that the law enforcement agents designated as potential trial witnesses by the government may be interrogated "by leading questions,"[5] without

---

[1] Source: Telephonic Conference of Counsel: C.Gregson & SRI (06.20.2022).
[2] United States v. Unruh, 855 F.2d 1363, 1376 (9th Cir. 1987).
[3] United States v. Brodie, 858 F.2d 492, 496 (9th Cir. 1988) ("Experts interpret and analyze factual evidence. They do not testify about the law.") (quoting United States v. Curtis, 782 F.2d 593, 599 (6th Cir. 1986)); Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996).
[4] See, e.g., United States v. Caputo, 382 F. Supp. 2d 1045, 1053 (ND IL 2005) ("Instead of giving expert legal opinions, [the parties] can refer to the jury instructions to explain the necessary legal principles.")
[5] Fed.R.Evid. 611(c) ("When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.").

DEFENDANT'S TRIAL BRIEF – 2

US v. Maness, CR 24-165 RAJ

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

1  regard to whether or not the defendant has called the witness.  By virtue of their employment

2  alone, these witnesses should be deemed to be hostile without any antecedent showing. [6]

3  Accordingly, the defense should be permitted to ask leading questions in its direct examination

4  of these witnesses.

5      **3.5.  Admission of hearsay under the rule of completeness:** The defense

6  anticipates that at trial the government may seek to offer hearsay and statements by others.  If the

7  court finds the government's proffered evidence to be admissible, the defense may offer other

8  statements be admitted as well under the common law rule of completeness. The rule covers "not

9  only writings taken out of context, but also . . . the truncated use of acts, declarations, and

10 conversations." [7]  As both the Ninth Circuit and the Supreme Court have recognized, the

11 common law rule continues to operate independently notwithstanding its partial codification in

12 Fed.R.Evid. 106. [8]

13      This Court's authority to apply the common law rule is reinforced by Rule 611, which

14 states "[t]he court should exercise reasonable control over the mode and order of examining

15 witnesses and presenting evidence so as to . . . make those procedures effective for determining

16 the truth," [9] and "restates in broad terms the power and obligation of the judge as developed

17 under common law principles," [10]  Excluding part of a statement may be an abuse of discretion if

---

[6] *See* United States v Bensinger Co., 430 F.2d 584 (8th Cir. 1970) (leading questions to employees of adverse party are within scope of Rule 611(c)); Perkins v Volkswagen of America, Inc., 596 F.2d 681 (5th Cir. 1979) (employee of adverse party is automatically regarded as hostile without any prior showing).

[7] 21A Kenneth W. Graham, Jr., Federal Practice and Procedure § 5072 (2nd ed. 2015).

[8] *See* Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-72 (1988) (applying the common law rule of completeness even after it was "partially codified" in Rule 106); United States v. Collicott, 92 F.3d 973, 983 n.12 (9th Cir. 1996) (recognizing Rule 611(a) "grants district courts the same authority regarding oral statements which [Rule] 106 grants regarding written and recorded statements"); *cf.* United States v. Liera-Morales, 759 F.3d 1105, 1111 (9th Cir. 2014) (*citing* Collicott, 92 F.3d at 983 & n.12 and assuming without deciding the common law rule of completeness applies to oral statements).

[9] Fed.R.Evid. 611(a),

[10] Fed.R.Evid. 611 – adv. comm. note.

---

DEFENDANT'S TRIAL BRIEF – 3

US v. Maness, CR 24-165 RAJ

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA  98110
(206) 817-4142

the edited version "distorts the meaning of the statement or excludes information substantially exculpatory of the declarant." [11] The same standard applies to oral statements through Fed.R.Evid. 611(a). [12]

**3.6. Objection to hearsay regarding course of the investigation:** The defense anticipates that at trial the government will seek to introduce testimony and evidence regarding the course of the investigation in this case. Such testimony and evidence may include general background information as well as hearsay and other testimony or evidence introduced to explain why witnesses went to a particular location or took a specific action.

If such evidence is sought to be introduced, the defense may object on grounds that it is irrelevant. To be admissible, evidence must be relevant. [13] To relevant, the evidence must have "a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [14]

While the government is likely to argue that such evidence is simply background to explain the actions of law enforcement, such "explanation" is itself irrelevant. Courts considering the issue have held that, for example, the reasons investigator began his investigation were irrelevant. [15] In another case, the reason the defendant was targeted by law enforcement was found to be immaterial. [16] One appeals court reasoned that officers "should be entitled to

---

[11] United States v. Dorrell, 758 F.2d 427, 434-35 (9th Cir. 1985).
[12] Neither United States v. Ortega, 203 F.3d 675 (9th Cir. 2000), nor United States v. Fernandez, 839 F.2d 639 (9th Cir. 1988), bars the defense from introducing otherwise inadmissible evidence under the common law rule of completeness in such circumstances. In Ortega, the common law rule of completeness was not implicated, because the court concluded "[t]he officer's testimony did not distort the meaning of Ortega's statements." Ortega, 203 F.3d at 683.  An in Fernandez, no completeness issue was presented, as the defendant sought to elicit his own denial made to an FBI agent following his arrest. Fernandez, 839 F.2d at 640.
[13] Fed.R.Evid. 402.
[14] Fed.R.Evid. 401.
[15] United States v. Lamberty, 778 F.2d 59, 60-61 (1st Cir. 1985) (While the jurors may have been curious as to why the inspectors began their operation, enlightenment on this matter had no probative value.").
[16] United States v. Taylor, 900 F.2d 779, 782 (4th Cir. 1990).

DEFENDANT'S TRIAL BRIEF – 4

US v. Maness, CR 24-165 RAJ

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

provide some explanation for their presence and conduct." but not be allowed "to relate historical aspects of the case, such as complaints and reports of others containing inadmissible hearsay." [17]

Inadmissible hearsay and references to inadmissible hearsay are the inevitable product of course of investigation questions. Questions such as, *Why did you go to that location?* invite responses containing inadmissible hearsay. If the witness then conveys the substance of what was spoken, the response is hearsay even if the declarant's words are not repeated.

Here, evidence as to why agents began to investigate Mr. Maness or took certain steps during their investigation has no bearing on the elements of the offenses charged and, as such, lacks probative value and is inadmissible. Moreover, even if course of investigation evidence is offered for the purported non-hearsay purpose of demonstrating an officer's state of mind, introducing such evidence is fraught with a high likelihood of prejudice resulting from the jury's improper use of the evidence.

If offered, the defense will object to the admission of course of investigation testimony. For the reasons detailed above, the defendant's objections should be sustained.

### 4. Jencks Act material should be produced no later than the end of the direct examination each witness.

The government is aware of its obligation to produce exculpatory evidence and the defense has no reason to suspect that it has not fulfilled its obligations under law.

The defense asks that the government confirm that it has produce all written statements, [18] substantially verbatim or recorded statements, [19] and grand jury testimony [20] of each witness called to testify at trial no later than the close of the witness' direct examination.

---

[17] United States v. Maher, 454 F.3d 13, 20 (1st Cir. 2006) (*citing* 2 Broun, McCormick on Evidence § 249, at 103 (5th ed. 1999)).
[18] 18 U.S.C. §3500(e)(1); Fed.R.Crim.P. 26.2(f)(1).
[19] Fed.R.Crim.P. 26.2(f)(2).
[20] Fed.R.Crim.P. 26.2(f)(3).

DEFENDANT'S TRIAL BRIEF – 5

US v. Maness, CR 24-165 RAJ

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

**5. Word Count Certification - LCrR 12(b)(5)**: The computer program used to create this pleading says that it contains 1,005 words.

Respectfully Submitted on July 23, 2025.

| LAW OFFICES OF STEPHAN R. ILLA | GEISNESS LAW FIRM |
|---|---|
| */s/ Stephan R. Illa* | */s/ Peter Geisness* |
| Stephan R. Illa<br>WSBA No. 15793<br>Attorney for Defendant | Peter Thomas Geisness<br>WSBA No. 30897<br>Attorney for Defendant |

DEFENDANT'S TRIAL BRIEF – 6

US v. Maness, CR 24-165 RAJ

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142