1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RICHARD MANESS,

    Defendant.

No. CR 24 – 165 RAJ

DEFENDANT'S PROPOSED
CUSTOMIZED END OF TRIAL JURY
INSTRUCTIONS [01 – 03]

Trial: August 4, 2025

      Defendant Richard Maness proposes that the three customized end of trial instructions appended to this pleading be given to the jury.

      Respectfully Submitted on August 2, 2025.

Law Offices of Stephan R. Illa

Stephan R. Illa
   WSBA No. 15793
Attorney for Defendant

GEISNESS LAW FIRM

Peter Thomas Geisness
   WSBA No. 30897
Attorney for Defendant

DEFENDANT'S PROPOSED CUSTOMIZED END OF
TRIAL JURY INSTRUCTIONS [01 – 03] – 1

US v. Maness, CR 24-165 RAJ

DEFENDANT'S PROPOSED INSTRUCTION NO. 1

If it is peculiarly within the power of either the government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party. No such conclusion should be drawn by the jury, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely cumulative.

However, you must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Ninth Circuit Model Criminal Jury Instruction                          U.S. v. Maness
No. 4.13, comment (*citing* United States v. Tisor,                     No. CR 24 – 165 RAJ
96 F.3d 370, 377 n.3 (9th Cir.1996) (quoting,
without approving, a missing witness
instruction); 1 Devitt and Blackmar, Federal Jury
Practice and Instructions § 14.15 (4ᵗʰ ed. 1992).

DEFENDANT'S PROPOSED INSTRUCTION NO. 2


Spoliation is the destruction, alteration or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.  If you find that the government has lost, altered or destroyed evidence and the loss, alteration or destruction of evidence is not adequately explained, you are permitted to draw the inference that the lost, altered or destroyed evidence would have been unfavorable to the government.  Whether you ultimately choose to make the inference is your decision as the finder of fact.


*See* United States v. Sivilla,714 F.3d 1168 (9th Cir. 2013); 4 L.Sand, Modern Federal Jury Instructions, § 75.01 (instruction 75-7) (2010).

U.S. v. Maness
No. CR 24 – 165 RAJ

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3

In deciding the credibility of the witnesses and the weight to give certain evidence, you may consider whether the investigation conducted by law enforcement authorities was negligent, incomplete or conducted in bad faith.

Kyles v. Whitley, 514 U.S. 419, 442 n. 13, 446 n.15 (1995). *Accord* Carriger v. Stewart, 132 F.3d 463, 481 (9th Cir. 1997); United States v. Hanna, 55 F3d 1456, 1460. (9th Cir. 1995).

U.S. v. Maness
CR 24 – 165 RAJ