HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00165-RAJ |
| Plaintiff, | COURT'S FINAL INSTRUCTIONS TO THE JURY REGARDING FORFEITURE |
| v. | |
| RICHARD STANLEY MANESS, Jr., | |
| Defendant. | |

DATED this 7th day of August, 2025.

_____
The Honorable Richard A. Jones
United States District Judge

**INSTRUCTION NO. 1**

Jurors: Now that you have found that Defendant Richard Stanley Maness, Jr. committed the offense of Conspiracy to Produce Child Pornography, as charged in Count 1 of the Indictment, and Production of Child Pornography, as charged in Count 2, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of Conspiracy to Produce Child Pornography shall forfeit, to the United States, any property used, or intended to be used, to commit or to promote the commission of such offense.

Under federal law, any person who is convicted of Production of Child Pornography shall forfeit, to the United States, any property used, or intended to be used, to commit or to promote the commission of such offense.

The United States has alleged that certain property is forfeitable in this case. You must now find whether this property is, in fact, forfeitable and return a special verdict reflecting your findings.

Certain property may be connected to more than one offense, and thus, be subject to forfeiture as to each of those offenses. You should make a determination as to each item of property and each offense.

**INSTRUCTION NO. 2**

The burden of proof is different at the forfeiture phase of trial. Whereas the United States had the burden of proving Defendant Richard Stanley Maness Jr.'s guilt "beyond a reasonable doubt," the United States need only prove the identified items are forfeitable "by a preponderance of the evidence."  This is a much lower burden.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 3**

While deliberating on forfeiture, you may consider any evidence, including testimony, offered by the parties at any time during the trial.

## INSTRUCTION NO. 4

When considering the evidence for forfeiture, the instructions you previously received regarding what is evidence, direct and circumstantial evidence, the credibility of witnesses, and reaching a unanimous verdict continue to apply.

**INSTRUCTION NO. 5**

You have already found that Defendant Richard Stanley Maness, Jr. committed the offense of *Conspiracy to Produce Child Pornography*, as charged in Count 1 of the Indictment and *Production of Child Pornography*, as charged in Count 2 of the Indictment. When deliberating on forfeiture, you are bound by these previous findings and must not reconsider or revise these findings.

**INSTRUCTION NO. 6**

You have found that Defendant Richard Stanley Maness, Jr. committed the offense of *Conspiracy to Produce Child Pornography*, as charged in Count 1 of the Indictment. To reach a verdict on forfeiture with respect to Count 1, you must determine whether one Apple iPhone 14, seized on or about August 28, 2024, from 200 Roy St., Apt. #208, Seattle, Washington 98109, was used, or intended to be used, to commit or to promote Defendant Richard Stanley Maness, Jr.'s commission of this offense.

You have found that Defendant Richard Stanley Maness, Jr. committed the offense of *Production of Child Pornography*, as charged in Count 2 of the Indictment. To reach a verdict on forfeiture with respect to Count 2, you must determine whether the Apple iPhone 14, seized on or about August 28, 2024, from 200 Roy St., Apt. #208, Seattle, Washington 98109, was used, or intended to be used, to commit or to promote Defendant Richard Stanley Maness, Jr.'s commission of this offense.

**INSTRUCTION NO. 7**

When deliberating on forfeiture, you should not consider what might happen to the property if it is forfeited. The ultimate disposition of forfeited property is a matter for the Court to decide. Nor should you consider, when deliberating, whether anyone other than Defendant Richard Stanley Maness, Jr. may have an interest in the property. Any third-party interests will be addressed by the Court in a separate proceeding.

**INSTRUCTION NO. 8**

A Special Verdict Form for Forfeiture has been prepared for you to record your forfeiture verdict. You may record your verdict by putting an "X" or check mark in the space provided next to the words "YES" or "NO." The foreperson must then sign and date the form.

Items of property may be subject to forfeiture on multiple grounds. You need not be concerned with "overlapping" of properties.

JURY INSTRUCTIONS REGARDING FORFEITURE - 8

# INSTRUCTION NO. 9

You must reach a unanimous verdict as to each question on the special verdict form. Everyone must agree to any "YES" or "NO" answer.