UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>   v.<br><br>RICHARD STANLEY MANESS, JR.,<br><br>                 Defendant. | CASE NO. 2:24-cr-00165-RAJ<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 137) |

      This matter comes before the Court on the Honorable District Judge Richard A. Jones's denial (Dkt. No. 137) of Defendant's motion to recuse and for reassignment.[1] (Dkt. No. 135.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Jones's decision not to recuse.

---

[1] The Court notes Defendant submitted a *pro se* motion for recusal, and the Clerk's Office forwarded the motion to defense counsel for review. Although the Court questions whether the motion was properly filed, it will address the motion on the merits.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 137) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Defendant questions Judge Jones's impartiality and seeks his recusal based on Defendant's decision to file a complaint with the Department of Justice concerning Judge Jones's rulings relating to a trial witness. Defendant argues "[t]he very act of filing the complaint letter places [Judge Jones] on notice of the grievance, creating a heightened risk of retaliatory mindset or conscious/unconscious bias." (Dkt. No. 135 at 4.)

"A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted). Put another way, "[a]utomatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings." Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics

Advisory Opinions, Published Advisory Opinion No. 103, at 191, https://www.uscourts.gov/sites/default/files/2025-03/guide-vol02b-ch02.pdf. Under Canon 3C(1)(d)(i) of the Code of Conduct for United States Judges, if a litigant with a case pending before a judge responds to an adverse ruling by initiating a complaint against the judge, that judge is "not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009).

Though Defendant has not initiated a lawsuit against Judge Jones, the basis for Defendant's recusal motion is that he filed a Department of Justice complaint against Judge Jones based on his previous rulings. This is not evidence of bias nor a valid basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *see also Royer*, 2012 WL 956422, at *1.

Defendant also asserts that Judge Jones's evidentiary rulings establish conduct rising "beyond the normal bounds of judicial disfavor and enter[ing] the territory of unfairness." (Dkt. No. 135 at 3.) However, to the extent Defendant's motion for recusal is predicated on disagreement with Judge Jones's evidentiary rulings, this does not constitute a basis for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal.").

Accordingly, the Court AFFIRMS Judge Jones's denial (Dkt. No. 137) of Defendant's motion to recuse and for reassignment (Dkt. No. 135).

Dated this 12th day of November, 2025.

David G. Estudillo
United States District Judge